UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFLD INVESTMENTS LLC,

    Plaintiff,

v.

ANTHONY BRANDS USA, INC. ET AL,

    Defendants.

_____/

Case No. 20-12168

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [10]**

On July 13, 2020, Plaintiff filed this action in Oakland County Circuit Court against Defendants Anthony Brands USA, Inc. ("Anthony Brands"), Anthony Skin LLC ("Anthony Skin") and their respective principals, Steve Deutsch and Solomon Silberstein. (ECF No. 1-2). Plaintiff's Complaint [1] alleges: Breach of Contract against Anthony Brands (Count I), Breach of Contract against Anthony Skin (Count II), Common Law and Statutory Conversion (Count III), and Accounting (Count IV). (*Id.*). Defendants removed the case to this Court on August 12, 2020. (ECF No. 1). On August 31, 2020, the Parties stipulated to the dismissal of Defendants Anthony Skin and Solomon Silberstein. (ECF No. 7).

On October 15, 2020, Plaintiff filed a Motion for Partial Summary Judgment [10] on its breach of contract claim against Anthony Brands. (ECF No. 10). Defendant filed a Response [12] on November 5, 2020. Plaintiff filed a Reply [13] on November 11, 2020. Pursuant to Local Rule 7.1(f)(2), the Court finds that the Motion [10] can be determined without holding a hearing. E.D. MICH. LR 7.1. For the reasons stated below, Plaintiff's Motion for Partial Summary Judgment [10] is **GRANTED**.

## BACKGROUND

Plaintiff, SFLD Investments, LLC ("SFLD"), entered into an agreement for the sale its cosmetics business to Anthony Brands USA, Inc. on June 27, 2017. This agreement was executed in New York and, by its terms, must be "construed and enforced in accordance" with New York laws. (ECF 10-2, PageID.103). Pursuant to the agreement, Anthony Brands is required pay Plaintiff quarterly royalties within 30 days of the end of each quarter. (ECF No. 10-2, PageID.102). Anthony Brands is additionally required to provide Plaintiff with a quarterly report setting forth the calculation of each quarter's royalty payments. (*Id.*).

Plaintiff alleges that starting in the second quarter of 2018, Defendant breached the agreement by failing to make timely royalty payments and withholding the financial reports. (Compl. ¶ 23). On November 7, 2019, Anthony Brands provided Plaintiff with a spreadsheet calculating the undisputed amount of royalties

owed through the second quarter of 2019 as $101,321. (ECF No. 10-3). Since then, Anthony Brands has made two partial payments to Plaintiff for $20,000 on December 6, 2019 and for $40,000 on January 20, 2020. (ECF No. 10-4). In March 2020, Anthony Brands provided Plaintiff with the calculation for the third quarter of 2019 royalties as totaling $25,018. (ECF No. 10-5). Consequentially, it is undisputed that Anthony Brands owes $66,339 in royalty payments to Plaintiff. Additionally, Plaintiff claims that Anthony Brands has failed to provide financial reports for the fourth quarter of 2019 and first 14 days of 2020, after which Anthony Brands was sold to Anthony Skin on January 15, 2020. (Compl. ¶ 43); (ECF No. 1-2, PageID.32).

In its Motion for Partial Summary Judgment [10], Plaintiff requests that Anthony Brands: (1) pay the outstanding amount of $66,339.00 in royalties due through the third quarter of 2019; (2) provide the required financial reports for the fourth quarter of 2019 and the first 14 days of the first quarter of 2020, so that the additional amount owed to Plaintiff can be calculated; and (3) pay the calculated outstanding amount.

## STANDARD OF REVIEW

Summary judgement is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue for trial exists if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Additionally, the Court views all of the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson*, 477 U.S. at 255.

## ANALYSIS

"Under New York law, [t]he elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant's failure to perform, (4) resulting damage." *U.S. Nonwovens Corp. v. Pack Line Corp.*, 48 Misc. 3d 211, 215 (N.Y. Sup. 2015) (internal quotation omitted). Initially, the Court must inquire "whether the contract is unambiguous with respect to the question disputed by the parties." *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 97 (S.D.N.Y. 2015) (quoting *Int'l Multifoods Corp. v. Commercial Union Ins. Co.,* 309 F.3d 76, 83 (2d Cir. 2002)).

In this case, the plain language of the royalty agreement requires that Anthony Brands provide a quarterly calculation and royalty payment within 30 days of the end of each quarter. (ECF No. 10-2, PageID.102 ("Buyer must pay the Royalties for each quarter by wire transfer within thirty (days) of the end of the calendar quarter for which the Royalties are owed.")). The amount due through the third quarter of 2019, $66,339.00, is not in dispute as it is derived from the royalty calculations provided by Anthony Brands. (ECF No. 10-3); (ECF No. 10-4); (ECF No. 10-5). Anthony Brands even admits in its Answer [5] that it is obligated to provide financial reports and make royalty payments to Plaintiff. (Ans. ¶ 2).

In opposition to Plaintiff's motion, Anthony Brands argues that Plaintiff's motion is premature, claiming that it does not yet have all the information required to calculate the royalties owed, and therefore, "cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(a). Anthony Brands bases this argument on the agreement's definition of royalties as calculated based on net sales. Under the agreement, net sales are defined as "all Sales less (i) returns, refunds, credits, or allowances actually given or credited to customers with respect to the Products within one (1) year of the sale." (ECF No. 10-2, PageID.103). Anthony Brands claims that since it sold the business to Anthony Skin in January 2020, the information about refunds from Anthony Skin is required to calculate the amount

owed through the third quarter of 2019, which it claims it has not been able to acquire. (ECF No. 12-2).

Courts must interpret contracts "so as to give effect to all of its provisions and 'cannot and should not accept an interpretation that ignores the interplay of the terms, renders certain terms inoperable, and creates a conflict where one need not exist.'" *AngioDynamics, Inc. v. Biolitec, Inc.*, 606 F. Supp. 2d 300, 304 (N.D.N.Y. 2009) (quoting *Net2Globe Int'l, Inc. v. Time Warner Telecom of New York*, 273 F. Supp. 2d 436, 445 (S.D.N.Y. 2003)). Here, Defendant's contention would render the contractual requirement to pay royalties within 30 days inoperable. Refunds that occur after the due date of the royalty payment for a given quarter must be addressed by offsets in future payments, reaching any other conclusion would violate the contract's plain meaning, which sets a clear 30-day deadline. *See Dale Carnegie & Assocs., Inc. v. Thomas*, No. 92 CIV. 6201 (JFK), 1993 WL 330457, at *4 (S.D.N.Y. Aug. 24, 1993) (granting Plaintiff's summary judgment motion, because defendant's "understanding of the contract contradicts the agreement's plain meaning.").

Anthony Brands neither genuinely disputes the outstanding amount of royalties ($66,339.00) owed through the third quarter of 2019 nor disputes that it has failed to provide the calculation for the royalties for through the first 14 days of 2020 and pay said amount. It merely requests additional time to work with Anthony Skin to determine the final amount of net sales. Additional time to acquire records to

determine undisputed royalty payments to fulfill an undisputed contractual obligation does not present a triable issue of fact for a jury. Finding that there is no genuine dispute of material fact and Plaintiff is entitled to summary judgment as a matter of law, Plaintiff's motion is granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Anthony Brands USA, Inc. pay Plaintiff the outstanding amount of $66,339.00 in royalties.

**IT IS FURTHER ORDERED** that within 30 days Defendant Anthony Brands USA, Inc. provide Plaintiff with the required financial reports for the fourth quarter of 2019 and the first 14 days of the first quarter of 2020 and pay Plaintiff the additional amount owed for this time period.

**SO ORDERED**.

Dated: May 10, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge