UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SFLD INVESTMENTS LLC,

      Plaintiff,

v.

ANTHONY BRANDS USA, INC., and
STEVE DEUTSCH,

      Defendants.

Case No. 20-12168
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S SECOND MOTION
FOR PARTIAL SUMMARY JUDGMENT [21] AND DENYING WITHOUT
PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT [24]**

---

This case involves the breach of a commercial contract between SFLD Investments and Anthony Brands. SFLD says that Anthony Brands has not paid royalties owed under the contract on its sales of skincare products. Although the Court previously ordered Anthony Brands to pay SFLD, it has not done so. So SFLD has filed a second motion for summary judgment, which the Court will grant.

In 2017, SFLD sold its "Anthony" skincare line to Anthony Brands. (*See* ECF No. 1.) In addition to an asset purchase agreement, the two companies entered into a royalty agreement. (ECF No. 10-2.) Under the royalty agreement, Anthony Brands was required to pay SFLD three percent of its sales of Anthony products for a period of five years (or, if the sales exceeded $4 million in a year, five percent). (ECF No. 10-2, PageID.102.) The royalty payments were to be quarterly, with the last payment due for the quarter ending June 2022. (*See id.*) With every quarterly payment,

Anthony Brands was required to provide SFLD a financial report "setting forth in reasonable detail the calculation of the Royalties being paid." (*Id.*) Additionally, the royalty agreement gave SFLD the right to examine Anthony Brands' books to confirm that royalty payments were accurate. (*See id.*)

According to SFLD, Anthony Brands has not held up its end of the bargain. SFLD says that starting in 2018, Anthony Brands did not make timely royalty payments and withheld the financial reports. (ECF No. 1-2, PageID.13.) Through the third quarter of 2019, Anthony Brands allegedly owed SFLD $126,339 but, as of October 2020, had only paid SFLD $60,000 of that amount. (*See* ECF No. 10, PageID.93.) Additionally, in January 2020, SFLD learned that Anthony Brands and its owner, Steve Deutsch, had sold the Anthony skincare line to Anthony Skin and its owner, Solomon Silberstein. (*See* ECF No. 1-2, PageID.14; ECF No. 10, PageID.94.) SFLD says this too was a breach: under the asset purchase agreement, Anthony Brands needed SFLD's consent to sell the skincare line. (ECF No. 1-2, PageID.16.)

After notifying Anthony Brands that it had breached both the royalty and asset purchase agreements, and after asking Deutsch to contact SFLD's legal counsel (ECF No. 1-2, PageID.29–30), SFLD filed this lawsuit in July 2020. SFLD sued not only Anthony Brands and Deutsch but also Anthony Skin and Silberstein. In addition to asserting breach-of-contract claims against Anthony Brands and Anthony Skin, SFLD also brought claims of statutory conversion and accounting. (*See* ECF No. 1-2.)

For a brief period, SFLD resolved its differences with Anthony Skin and Silberstein: they entered into a settlement agreement and Anthony Skin and

Silberstein were dismissed from this case without prejudice. (*See* ECF No. 7.) But SFLD alleges that Anthony Skin and Silberstein have since breached terms of the settlement agreement (and the royalty agreement), and, not only that, Silberstein sold Anthony products through his other companies to avoid paying royalties to SFLD. As those allegations are the basis of yet another lawsuit, the Court will address them another day.

As far as this case, in October 2020, SFLD moved for partial summary judgment against Anthony Brands. In May 2021, U.S. District Judge Arthur Tarnow granted SFLD's motion. *See generally SFLD Invs. LLC v. Anthony Brands USA, Inc.*, No. 20-12168, 2021 WL 1857185 (E.D. Mich. May 10, 2021). In particular, regarding the outstanding balance through the third quarter of 2019 ($126,339 less the $60,000 paid), Judge Tarnow explained that Anthony Brands did not "genuinely dispute[] the outstanding amount of royalties ($66,339.00) owed through the third quarter of 2019." *Id.* at *3. "[N]or," Judge Tarnow found, had Anthony Brands genuinely disputed "that it has failed to provide the calculation for the royalties . . . through the first 14 days of 2020 and pay said amount." *Id.* Thus, Judge Tarnow ordered Anthony Brands to pay SFLD $66,339. *Id.* Particularly relevant now, Judge Tarnow also ordered "that within 30 days[,] Defendant Anthony Brands USA, Inc. provide Plaintiff with the required financial reports for the fourth quarter of 2019 and the first 14 days of the first quarter of 2020 and pay Plaintiff the additional amount owed for this time period." *See id.*

3

After Judge Tarnow's unfortunate passing a couple months ago, this case (as well as SFLD's case against Anthony Skin and Silberstein) were reassigned to the undersigned.

Two motions are now pending before the Court. One is SFLD's second motion for partial summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 21.) In that motion, SFLD says that despite Judge Tarnow's order, Anthony Brands has not paid the royalties owed for the fourth quarter of 2019 and the first 14 days of 2020. (ECF No. 21, PageID.266.) So it asks this Court to order Anthony Brands to pay it the amount owed for that period, which is $35,827.09. (ECF No. 21, PageID.271.) Further, because Judge Tarnow had ordered Anthony Brands to pay that amount "within 30 days" of his May 2021 order, but Anthony Brands did not comply, SFLD asks for attorney's fees associated with having to file its second motion for partial summary judgment. (*See id.*) In a separate motion, SFLD asks for a partial judgment under Federal Rule of Civil Procedure 54. (ECF No. 24.) Recognizing that it still has an accounting claim against Anthony Brands and a statutory conversion claim against both Deustch and Anthony Brands, SFLD asks this Court to grant it a partial judgment, i.e., a judgment on its breach-of-contract claim only. (ECF No. 24, PageID.322–323.)

The Court agrees with SFLD that it is entitled to summary judgment on its breach-of-contract claim against Anthony Brands. Not only did Judge Tarnow already order Anthony Brands to pay the royalties owed for the fourth quarter of 2019 and the first 14 days of 2020, *SFLD*, 2021 WL 1857185, at *3, but Anthony Brands does

not even oppose paying that amount (*see generally* ECF No. 22). Indeed, Anthony Brands' only opposition to the second motion for partial summary judgment is SFLD's request for attorney's fees. (ECF No. 22, PageID.286.) Thus, the Court simply echoes Judge Tarnow and declares that Anthony Brands owes SFLD $35,827.09 for the fourth quarter of 2019 and the first 14 days of 2020. *See SFLD*, 2021 WL 1857185, at *3.

Regarding SFLD's request for attorney's fees and costs associated with its second motion for partial summary judgment, the Court does believe that some amount of fees and costs is warranted.

On the one hand, SFLD should not have needed to file a second motion for partial summary judgment. On May 10, 2021, Judge Tarnow gave Anthony Brands 30 days to pay the royalties owed for the fourth quarter of 2019 and the first 14 days of 2020. Thirty days later, on June 9, Anthony Brands provided SFLD with a financial report indicating that it owed SFLD $35,827.09 for that period. (*See* ECF No. 21-3, PageID.281–282.) Then, on June 25, SFLD asked Anthony Brands if it would "stipulate to a judgment for the Q4 2019 and Q1 2020 royalties, in the amount of $35,827.09. . . . [SFLD] would like to avoid having to file another dispositive motion." (ECF No. 21-4, PageID.284.) It appears that SFLD ignored this request and never paid $35,827.09. (*See id.*) This is despite that Judge Tarnow ordered that "Anthony Brands . . . pay Plaintiff the additional amount owed for this time period" "within 30 days" of May 10, 2021. *SFLD*, 2021 WL 1857185, at *3.

5

On the other hand, Anthony Brands hints that the parties were, perhaps, trying to resolve the entire litigation. It states, "[t]he parties have, in fact, discussed agreeing to a stipulated judgment in exchange for the dismissal of SFLD's meritless claims against Mr. Deutsch, but that has yet to happen." (ECF No. 22, PageID.287.) Further, while SFLD did ask Anthony Brands to concur in its second motion for partial summary judgment, it only waited until the end of that same day to file its motion. (*See* ECF No. 21-4, PageID.284 ("Please let me know by the close of business today, or I will assume you do not concur.").) Although the Court acknowledges that SFLD had already mentioned a second summary-judgment motion a month earlier, arguably, SFLD could have given Anthony Brands a bit more time to concur.

Thus, consistent with SFLD's request, the Court will "enter an Order providing that SFLD is entitled to payment of its attorneys' fees and costs in an amount to be determined at a later hearing." (ECF No. 23, PageID.291.) At the hearing, the parties can shed further light on the situation that will allow the Court to decide the proper amount of fees. The Court does not require additional briefing on the issue.

That leaves SFLD's motion for this Court to enter a judgment on just the breach-of-contract claim under Federal Rule of Civil Procedure 54.

Generally, a court does not enter a judgment until all the claims in the case have been adjudicated. But under Rule 54, "a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" if it "expressly determines that there is no just reason for delay." In deciding whether there "is no just reason for delay," courts consider how entering judgment now as opposed to at

the end of the case affects the litigants. But because a partial judgment potentially opens the door to an interlocutory appeal, courts also consider how a partial judgment will impact the Court of Appeals. In all, courts consider the following factors: "(1) the relationship between the adjudicated and unadjudicated claims;" "(2) the possibility that the need for review might or might not be mooted by future developments in the district court;" "(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;" "(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;" "(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like." *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019).

Here, each side says the factors favor it. For instance, SFLD stresses that its breach-of-contract claim has distinct elements from its conversion and accounting claims. (ECF No. 24, PageID.317–318.) But Anthony Brands argues that many of the same facts underlie all the claims. (ECF No. 25, PageID.362.) As another example, SFLD expresses concerns over Anthony Brands' solvency, and thus urges the Court to enter judgment now. (ECF No. 24, PageID.321.) But SFLD has cited no evidence indicating that Anthony Brands is unable to pay the amount it owes in royalties. (*See* ECF No. 24, PageID.321; ECF No. 26, PageID.371.) (Somewhat telling though, Anthony Brands has not outright stated that it can pay that amount. (*See* ECF No. 25, PageID.363–364.))

For now, the Court will try a middle road. Some of the Rule 54 factors do cut in favor of entering a partial judgment. Take, for instance, the concern over piecemeal appeals. As noted, Anthony Brands has not disputed that it owes approximately $35,827.09 in royalties. And if Anthony Brands has not disputed that it owes $35,827.09 in royalties, then it seems doubtful that it will appeal a judgment on SFLD's breach-of-contract claim. But not everything favors entering a partial judgment. For instance, there has been no showing that if this case were to proceed through discovery and trial, Anthony Brands will no longer be able to pay $35,827.09 or $102,166.09 (if the $66,339 Judge Tarnow ordered to be paid has still not been paid). More importantly, especially given the overlap in facts underlying the claims, the Court is hopeful that the parties can reach an agreement on the remaining claims in this case so that a final order on all claims can be entered in short order. Thus, the Court is not inclined to enter a partial judgment at this time. Instead, the Court will order Anthony Brands to immediately place funds into an interest-bearing escrow account as detailed below.

* * *

For the reasons given, SFLD's second motion for partial summary judgment (ECF No. 21) is GRANTED, and SFLD's motion for partial judgment under Rule 54 is DENIED (ECF No. 24) without prejudice to refiling if necessary.

Instead of a partial judgment, the Court orders as follows. On or before April 6, 2022, Anthony Brands is to deposit $35,827.09 into an interest-bearing escrow account and provide SFLD with proof of same. (Or, if the $66,339 that Judge Tarnow

ordered be paid has still not been paid, then Anthony Brands is to deposit $102,166.09 by April 6.) The money in the escrow account, including interest accrued, will be paid to SFLD upon entry of final judgment in this case. If the funds are not so deposited on or before April 6, 2022, then the Court will revisit the entry of a partial judgment.

A hearing on attorney's fees and costs will be set by separate order.

SO ORDERED.

Dated: March 30, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

9